FILED ____ ENTERED
LODGED ____ RECEIVED

AUG 04 2006   ES

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

06-CV-00628-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMAS AFEWORKI,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>STEVE THOMPSON, et al.,<br><br>　　　Defendants. | CASE NO. C06-0628-MJP<br><br>ORDER DISMISSING SOME DEFENDANTS AND DIRECTING SERVICE BY MAIL ON REMAINING DEFENDANTS |

　　　Plaintiff is a former inmate of the Snohomish County Jail ("Jail") in Everett, Washington and has filed this action pursuant to 42 U.S.C. § 1983, alleging that while he was detained in the Jail, his civil rights were violated. On May 19, 2006, United States Magistrate Judge Mary Alice Theiler granted plaintiff leave to file an amended complaint because the original complaint lacked sufficient details. (Doc. #7). Plaintiff responded by filing an amended complaint on June 14, 2006. (Doc. #9).

　　　On June 28, 2006, Judge Theiler again granted plaintiff leave to amend his complaint, because the complaint still lacked sufficient details to provide defendants with "fair notice of what the plaintiff's claim is and the ground upon which it rests." (Doc. #10, quoting *Kimes v.*

01 *Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996)). On July 19, 2006, plaintiff filed a second amended

02 complaint ("amended complaint"). (Doc. #11). Having reviewed the amended complaint, and

03 the balance of the record, the Court does hereby find and ORDER that:

04     (1)    <u>Dismissal of Defendants</u>

05     The following defendants are DISMISSED because the allegations in the amended

06 complaint are insufficient to state a claim upon which relief may be granted, and plaintiff has

07 been given two chances to cure this deficiency: Sgt. F. Young, Capt. Sundstrom, Sgt. Hues,

08 Officer Moody, and Stephen Carvey. In addition, Snohomish County and Snohomish County

09 Corrections are DISMISSED as defendants because plaintiff has failed to allege that any violation

10 of his rights was attributable to a "custom or policy" of the County. *See Board of County*

11 *Comm'rs v. Brown*, 117 S. Ct. 1382, 1388 (1997).

12     In addition, the Court declines to exercise pendent jurisdiction over the state law claims

13 raised in the amended complaint. The state law claims are either duplicative of the federal claims

14 or do not share "a common nucleus of operative fact" with the federal claims. *See Gilder v. PGA*

15 *Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991).

16     Thus, after the above defendants are removed from this action, the remaining defendants

17 and the claims against them are as follows:

18     <u>A. Steve Thompson, Director of the Jail</u>

19     Plaintiff alleges that Mr. Thompson held plaintiff without legal justification for 17 days

20 in January, 2005. He also alleges that Mr. Thompson failed to maintain any law library at the jail,

21 thereby impeding plaintiff's access to the court. However, the latter claim is DISMISSED

22 because plaintiff fails to allege that he has suffered an actual injury stemming from the alleged

01 violation, a jurisdictional requirement that flows from standing doctrine and may not be waived.

02 *See Lewis v. Casey*, 518 U.S. 343, 349 (1996).

03     B. Officer Garka

04     Plaintiff alleges that Officer Garka struck plaintiff in the face on or about June 21, 2005,

05 causing him injury.

06     C. Officers Hauser and Mosio

07     Plaintiff alleges that Officers Hauser and Mosio were deliberately indifferent to plaintiff's

08 medical needs after he was struck by Officer Garka, and were also indifferent to the need to

09 protect him from further assault.

10     (2)    Service by Clerk on Remaining Defendants

11     As to the remaining defendants, it is hereby ORDERED that the Clerk send them the

12 following by first class mail to the Snohomish County Jail: a copy of the complaint and of this

13 Order, two copies of the Notice of Lawsuit and Request for Waiver of Service of Summons, a

14 Waiver of Service of Summons, and a return envelope, postage prepaid, addressed to the Clerk's

15 Office. The Clerk shall also mail a copy of the complaint together with a copy of this Order to

16 the Snohomish County Prosecuting Attorney's Office, by first class mail. Defendants shall have

17 **thirty days** within which to return the attached Waiver of Service of Summons.

18     (3)    Response Required

19     Each defendant who timely returns the signed Waiver of Service of Summons shall have

20 **sixty days** after the date designated on the Notice of Lawsuit to file and serve an answer to the

21 complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Any

22 defendant who fails to timely return the signed Waiver of Service of Summons will be personally

ORDER DISMISSING SOME DEFENDANTS AND DIRECTING
SERVICE BY MAIL ON REMAINING DEFENDANTS
PAGE -3

01 served with a summons and complaint, and may be required to pay the full costs of such service,

02 pursuant to Rule 4(d)(2). A defendant who has been personally served shall file an answer or

03 motion permitted under Rule 12 within **thirty days** after service.

04     (4)    <u>Filing and Service by Parties, Generally</u>

05     All attorneys admitted to practice before this Court are required to file documents

06 electronically via the Court's CM/ECF system. Additionally, any document filed with the Court

07 must be accompanied by proof that it has been served upon all parties that have entered a notice

08 of appearance in the underlying matter. Counsel are directed to the Court's website –

09 www.wawd.uscourts.gov – for a detailed description of the requirements for filing via CM/ECF.

10     All non-attorneys, such as *pro se* parties and/or prisoners, may continue to file a paper

11 original of any document for the Court's consideration. A party filing a paper original does not

12 need to file a chambers copy. <u>All filings, whether filed electronically or in traditional paper

13 format, must indicate in the upper right hand corner the name of the Magistrate Judge to whom

14 the document is directed.</u>

15     (5)    <u>Motions</u>

16     Any request for Court action shall be set forth in a motion, properly filed and served. A

17 party must file with the motion a supporting memorandum. The motion shall include in its

18 caption (immediately below the title of the motion) a designation of the Friday upon which the

19 motion is to be noted upon the Court's calendar. That date shall be the third Friday following

20 filing of the motion (fourth Friday for Motions for Summary Judgment). All briefs and affidavits

21 in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday

22 immediately preceding the Friday designated for consideration of the motion. If a party fails to

ORDER DISMISSING SOME DEFENDANTS AND DIRECTING
SERVICE BY MAIL ON REMAINING DEFENDANTS
PAGE -4

01 | file and serve timely opposition to a motion, the Court may deem any opposition to be without
02 | merit.  The party making the motion may file, not later than the Friday designated for
03 | consideration of the motion, a response to the opposing party's briefs and affidavits.
04 | Plaintiff is advised, pursuant to *Klingele v. Eikenberry*, 849 F. 2d 409 (9th Cir. 1988), that
05 | if defendants file a motion for summary judgment, any response must comply with the
06 | requirements of Federal Rule of Civil Procedure 56.  This rule requires that the party opposing
07 | summary judgment must submit affidavits or other evidence in opposition to the motion to
08 | establish that there are issues of material fact and that the movant is not entitled to judgment as
09 | a matter of law.  Plaintiff may not merely rest on the allegations in the pleadings.  Pursuant to
10 | Local Rule CR 7(b)(4), failure to file necessary documents in opposition to a motion for summary
11 | judgment may be deemed by the Court to be an admission that opposition is without merit.
12 | Plaintiff is further advised, pursuant to *Rand v. Rowland*, 113 F. 3d 1520, 1524 (9th Cir.
13 | 1997), that should he fail to contradict a motion for summary judgment with counter-affidavits
14 | or other competent evidence, the moving party's evidence may be taken as the truth, and final
15 | judgment may be entered without a full trial.
16 | (6)   <u>Direct Communications with District Judge or United States Magistrate Judge</u>
17 | It is further ORDERED that no direct communication is to take place with the District
18 | Judge or Magistrate Judge with regard to this case.  All relevant information and papers are to
19 | be directed to the Clerk.
20 | / / /
21 | / / /
22 | / / /

ORDER DISMISSING SOME DEFENDANTS AND DIRECTING
SERVICE BY MAIL ON REMAINING DEFENDANTS
PAGE -5

01  (7)  The Clerk is directed to send a copy of this Order to plaintiff.

02  DATED this **3** day of **August**, 2006.

03

04  *[signature]*
MARSHA J. PECHMAN
United States District Judge

07  Recommended for Entry
this 2nd day of August, 2006.

08

s/ Mary Alice Theiler
09  United States Magistrate Judge

ORDER DISMISSING SOME DEFENDANTS AND DIRECTING
SERVICE BY MAIL ON REMAINING DEFENDANTS
PAGE -6