UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TOMAS AFEWORKI, | ) | CASE NO.  C06-0628-MJP-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTION TO USE RECORDS; |
| STEVE THOMPSON, et al., | ) | DENYING PLAINTIFF'S MOTION |
| | ) | TO COMPEL DISCOVERY |
| Defendants. | ) | |
| _____ | ) | |

Defendants have filed a motion to use certain records and to file those records under seal. (Dkt. #33). Plaintiff has not opposed this motion. Plaintiff has filed a motion to compel discovery. (Dkt. #42). Defendants need not file a response to plaintiff's motion as the court addresses it below. Having considered the motions and the balance of the record, the court does hereby find and Order as follows:

(1) Defendants' unopposed motion to use certain records and file them under seal (Dkt. #33) is GRANTED. The Clerk shall seal the exhibits attached to the declarations of David Oster (Dkt. #38) and Eileen Diemert (Dkt. #36).

(2) Plaintiff has had at least five months, since the court issued the Pretrial Order on

ORDER GRANTING DEFENDANTS' MOTION TO USE
RECORDS; DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY
PAGE -1

01  October 6, 2006, to conduct discovery or bring any discovery disputes to the court's attention.

02  The court previously granted plaintiff's motion to extend discovery until February 9, 2007. (Dkt.

03  #30). In arguing against the extension, defendants pointed out that plaintiff had yet to conduct

04  *any* discovery in the case. (Dkt. #29 at 1). However, in recognition of plaintiff's *pro se* status,

05  the court granted plaintiff additional time to collect evidence to support his claims. (Dkt. #30 at

06  1). When the court granted this extension, the court advised plaintiff that no further extensions

07  of time would be granted absent extraordinary circumstances. (*Id*. at 2).

08      The record shows that on February 2, 2007, plaintiff learned from counsel for defendants

09  that defendants would not comply with his request for oral depositions, the dispute that plaintiff

10  now wishes the court to address. (Dkt. #42, Ex. H). Yet plaintiff waited until February 16, 2007

11  – one week after the discovery deadline had elapsed – to file the instant motion to compel. [1]

12  Accordingly, because it was filed after the already-extended deadline for discovery had elapsed,

13  plaintiff's motion to compel discovery (Dkt. #42) is untimely and therefore is DENIED.

14      (3)   The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and

15  to the Honorable Marsha J. Pechman.

16      DATED this 6th day of March, 2007.

17

18                                    Mary Alice Theiler
                                      United States Magistrate Judge

19

---

20  [1] Plaintiff signed the certificate of service accompanying his motion to compel on February 16, 2007. Although the motion was not received by the court until February 28, 2007, under the

21  "prison mailbox rule," a document submitted by a prisoner is deemed to be filed the day the document is delivered to prison authorities for mailing to the court. *See Houston v. Lack*, 487

22  U.S. 266, 270 (1988). Accordingly, the motion to compel is deemed filed on February 16, 2007.

ORDER GRANTING DEFENDANTS' MOTION TO USE
RECORDS; DENYING PLAINTIFF'S MOTION TO COMPEL
DISCOVERY
PAGE -2