1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

TOMAS AFEWORKI,

8                    Plaintiff,

9          v.                                         No. C06-628P

10   STEVE THOMPSON, et al.,                          ORDER ADOPTING REPORT AND
                                                      RECOMMENDATION IN PART AND
11                    Defendants.                     REQUESTING SUPPLEMENTAL
                                                      BRIEFING ON CLAIM AGAINST
12                                                    DEFENDANT THOMPSON

13

14          This matter comes before the Court's on a report and recommendation (R&R) by the

15   Honorable Mary Alice Theiler, United States Magistrate Judge, on Defendants' motion for summary

16   judgment.  Judge Theiler recommends that Defendants' motion should be granted and that dismissal of

17   this action should count as a "strike" against Plaintiff under 28 U.S.C. § 1915(g).  Plaintiff, who is

18   proceeding pro se and in forma pauperis, has filed objections to the R&R.  Having reviewed the R&R,

19   Plaintiff's objections, and the balance of the record, the Court finds and ORDERS as follows:

20          (1)     The Court adopts the R&R to the extent it recommends that summary judgment should

21   be granted in favor of Defendants Randall Garka, Susan McQueen, and Paul Hanson.[1]  The Court

22   enters summary judgment in favor of those Defendants.

23

24   _____

25          [1]  As noted in the R&R and in this order, Ms. McQueen is mistakenly identified in Plaintiff's
     amended complaint as Officer "Mosio" and Mr. Hanson is mistakenly identified as Officer "Hauser."

(2)      The Court declines to adopt the R&R to the extent that it recommends:

        (a)      That summary judgment should be granted in favor of Defendant Steve Thompson; and

        (b)      That dismissal of this action should be counted as a "strike" against Plaintiff under 28 U.S.C. § 1915(g).

(3)      The Court RESERVES ruling on Defendants' motion for summary judgment with respect to Plaintiff's claim against Mr. Thompson, pending the submission of supplemental briefing as directed in Section II.B.1 of this order.  Defendant Thompson is directed to file a supplemental brief by <u>June 27, 2007</u> of no more than <u>12 pages</u> that addresses the issues raised in Section II.B.1 of this order.  Plaintiff may file a brief in response to Defendant's supplemental brief.  Plaintiff's supplemental brief shall be filed and served by <u>July 13, 2007</u> and shall be limited to <u>12 pages</u>.  No reply brief shall be filed by Defendant unless directed by the Court.  This matter will be renoted on the Court's motion calendar for <u>July 13, 2007</u>.

The reasons for the Court's order are set forth below.

## I.   Background

On January 7, 2005, Plaintiff Tomas Afeworki was arrested in Everett, Washington, after police officers responded to a 911 call and apprehended Plaintiff fleeing from the scene.  Plaintiff was booked into Snohomish County Jail later that day on charges of robbery and kidnapping.  Plaintiff was also booked on three outstanding warrants – one from the Washington Department of Corrections (DOC) for parole violations and two from the King County Municipal Court.

On January 9, 2005, Everett District Court Commissioner Paul Moon signed a provisional order setting bail for Plaintiff.  Defendants maintain that the order signed by Commissioner Moon included a probable cause determination regarding the robbery and kidnapping charges against Plaintiff.  However, Plaintiff did not appear before Commissioner Moon on January 9th, and Defendants do not point to any evidence indicating that Plaintiff appeared before a judge prior to his arraignment on January 24, 2005.

ORDER - 2

Plaintiff filed this action in May 2006, alleging claims under 42 U.S.C. § 1983 for violations of his constitutional rights. Judge Theiler declined to direct service of Plaintiff's original complaint and first amended complaint due to various deficiencies. After screening Plaintiff's second amended complaint, Judge Theiler drafted a "recommended for entry" order that the Court entered. That order dismissed claims against certain defendants for failure to state a claim and directed service of the complaint on four defendants. The order described the four remaining Defendants and the claims against them as follows:

(1)    Plaintiff alleged that Defendant Steve Thompson, Director of the Jail, held Plaintiff without legal justification for 17 days in January 2005;

(2)    Plaintiff alleged that Corrections Officer Randall Garka struck Plaintiff in the face on or about June 21, 2005, causing Plaintiff injury; and

(3)    Plaintiff alleged that Officers "Hauser" and "Mosio" were deliberately indifferent to his medical needs after he was struck by Officer Garka, and were also indifferent to the need to protect him from further assault. Defendants have since clarified that Officer "Hauser" is Officer Paul Hanson and that Officer "Mosio" is Officer Susan McQueen.

Judge Theiler originally set a discovery deadline of December 8, 2006. This deadline was later extended to February 9, 2007.

On February 7, 2007, Defendants filed a summary judgment motion, which was properly noted on the Court's motion calendar for March 2, 2007. Under the local rules of this Court, Plaintiff's response to the summary judgment motion was due by February 26, 2007. Plaintiff did not file an opposition to this motion. However, on February 28, 2007, the Court received a motion from Plaintiff in which he sought to compel the four Defendants to appear for depositions. Judge Theiler denied Plaintiff's motion to compel on March 6, 2007, noting that Plaintiff had mailed the motion after the discovery deadline of February 9th.

On March 12, 2007, the Court received another motion from Plaintiff, which was titled "motion to strike summary judgment and compel discovery." Judge Theiler construed this motion as a

ORDER - 3

1    motion for reconsideration of the prior order denying Plaintiff's motion to compel discovery.  Judge

2    Theiler denied the motion on March 15, 2007.

3         Judge Theiler then issued the R&R, which recommends that the Court grant Defendants'

4    motion for summary judgment.  Plaintiff has filed objections to the report and recommendation.

5                                    **II.  Analysis**

6    A.    Discovery Issues

7         In his objections to the R&R, Plaintiff complains that he was unable to depose Defendants and

8    that Defendants' summary judgment motion was "premature."  Judge Theiler denied Plaintiff's

9    motions to compel discovery because they were filed after the discovery deadline of February 9, 2007.

10        The Court reviews a Magistrate Judge's order on a non-dispositive motion for clear error.  See

11   Fed. R. Civ. P. 72(a).  The Court finds no clear error in Judge Theiler's decision to deny Plaintiff's

12   motions to compel as untimely.  Local Civil Rule 16(f) provides that "[a]ny motion to compel

13   discovery shall . . . be filed and served on or before" the discovery deadline.  As Judge Theiler noted,

14   Plaintiff's certificate of service for his first motion to compel indicates that the motion was mailed to

15   the Court on February 16th, a week after the discovery deadline.

16        Plaintiff's motions to compel could arguably be construed as requests for a continuance of

17   Defendants' summary judgment motion under Federal Rule of Civil Procedure 56(f), even though

18   Plaintiff did not specifically cite that rule in his motions or his objections.  Under Rule 56(f), a court

19   may order a continuance of a summary judgment motion to permit additional discovery where the

20   party opposing the motion makes "(a) timely application which (b) specifically identifies, (c) relevant

21   information, (d) where there is a basis for believing that the information sought actually exists."  Visa

22   Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir. 1986).  "The burden

23   is on the party seeking additional discovery to proffer sufficient facts to show that the evidence exists,

24   and that it would preclude summary judgment."  Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151,

25   1161 n.6 (9th Cir. 2001).  In cases involving Rule 56(f) requests by confined pro se plaintiffs, the

ORDER - 4

1   Ninth Circuit has indicated that "summary judgment in the face of requests for additional discovery is

2   appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim."

3   Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004).

4          As noted above, Plaintiff did not submit a timely motion to compel Defendants to appear for

5   depositions.  Plaintiff also does not specifically identify what relevant information he would expect to

6   obtain from such depositions, nor does he suggest how the depositions would preclude summary

7   judgment on any of his claims.  There is no apparent basis to find that the depositions would provide

8   additional proof for a viable claim by Plaintiff, particularly because the R&R essentially accepts the

9   factual allegations in Plaintiff's complaint as true (e.g., that Plaintiff was slapped by a corrections

10  officer and that he was detained 17 days in jail without a preliminary appearance).  Therefore, even if

11  Plaintiff's motions to compel are construed as requests for a continuance under Rule 56(f), Plaintiff

12  has not demonstrated that such a continuance would be warranted.

13         Plaintiff also complains that Defendants' summary judgment motion was premature because it

14  was filed two days before the discovery deadline.  This argument is not persuasive.  Under Federal

15  Rule of Civil Procedure 56(b), a defendant may file a summary judgment motion "at any time."  There

16  is no requirement that a defendant must wait until discovery is completed to file a summary judgment

17  motion.

18  B.     Defendants' Summary Judgment Motion

19         The R&R recommends granting summary judgment in favor of all Defendants on the three

20  remaining claims.  The Court considers each claim below.

21         1.     Claim Against Steve Thompson

22         First, Plaintiff alleges that his constitutional rights were violated when he was held in jail for 17

23  days following his arrest without a preliminary appearance before a judge.  Plaintiff brings this claim

24  against jail director Steve Thompson.  Plaintiff alleges that Mr. Thompson was "given notice and

25  opportunity to correct this error and he chose not to do so."  (Amended Complaint at 9).

ORDER - 5

1    The R&R addressed this claim as follows:

2    [P]laintiff alleges that Steve Thompson, the Director of Snohomish County Jail, held plaintiff
     without legal justification for 17 days in January, 2005.  However, defendants in their motion
3    for summary judgment provide copies of court orders that demonstrate the legal authorization
     for plaintiff's detention during that time.  (Dkt. #39).  Plaintiff offers no documents or
4    argument to refute defendants' showing.  Therefore, plaintiff has not satisfied his burden of
     showing that a genuine issue of material fact exists and defendants' motion for summary
5    judgment should be granted as to this claim.

6    (R&R at 7).  In a footnote, the R&R also suggests that this claim challenges the fact of Plaintiff's

7    confinement rather than the conditions of his confinement, and therefore should have been brought as

8    a habeas claim rather than as a Section 1983 claim.

9    The Court is not persuaded that the R&R provides sufficient reasons for granting summary

10   judgment on this claim.  Although the R&R finds that there was legal authorization for Plaintiff's

11   detention between January 7 and January 24, 2005, this finding does not resolve the fundamental issue

12   presented by Plaintiff's claim against Mr. Thompson.  Plaintiff alleges that his constitutional rights

13   were violated because he was detained in jail for 17 days following his arrest without a preliminary

14   appearance before a judge.  In his complaint, Plaintiff stated his claim as follows: "On January 7, 2005,

15   I was arrested and booked into Snohomish County Correction . . . where I did not appear before any

16   judge as required by court rule, CrR 3.2.1, and the federal constitution, for seventeen (17) days."

17   (Amended Complaint at 5).  Plaintiff also alleges that Mr. Thompson was aware of this error and did

18   nothing to correct it.  Plaintiff is not seeking release from confinement or to have his conviction

19   vacated due to this alleged error, but is instead seeking damages for an alleged violation of his

20   constitutional rights by state officials – a claim that falls within the scope of Section 1983.

21   As Plaintiff notes in his complaint, Washington Criminal Rule (CrR) 3.2.1 generally provides

22   that a criminal defendant must receive a preliminary appearance before a judge shortly after the

23   defendant is detained in jail.  CrR 3.2.1(d)(1), which is titled "Preliminary Appearance," provides:

24   [A]ny defendant whether detained in jail or subjected to court-authorized conditions of release
     shall be brought before the superior court as soon as practicable after the detention is
25

ORDER - 6

commenced, the conditions of release are imposed or the order is entered, but in any event before the close of business on the next court day.

In their summary judgment motion, Defendants acknowledge that "Afeworki correctly states that a seventeen (17) day delay in his preliminary appearance violates CrR 3.2.1." (Motion for Summary Judgment at 11). They offer three arguments as to why a violation of CrR 3.2.1 should not give rise to a claim against Mr. Thompson under Section 1983. Because the R&R does not address these specific arguments, the Court considers each of them below.

First, Defendants suggest that the failure to provide Plaintiff with a preliminary appearance for 17 days was at most a violation of a state procedural rule, rather than a violation of Plaintiff's federal constitutional rights. However, both the Seventh and Eighth Circuits have issued decisions holding that the due process clause prohibits the extended detention of an arrestee without a first appearance before a judicial officer. See Hayes v. Faulkner County, 388 F.3d 669, 673 (8th Cir. 2004) ("the Due Process Clause forbids an extended detention, without a first appearance, following arrest by warrant"); Coleman v. Frantz, 754 F.2d 719, 723 (7th Cir. 1985), receded from on other grounds by Benson v. Allphin, 786 F.2d 268 (7th Cir. 1986) ("the plaintiff's eighteen day detention without an appearance before a judge or magistrate was a deprivation of liberty without due process of law"). As a result, there is some authority to support Plaintiff's claim that failing to provide an arrestee with a preliminary appearance before a judicial officer within a reasonable time following arrest may constitute a due process violation.

Second, Defendants argue that jail director Steve Thompson cannot be held liable under Section 1983 for an "alleged procedural irregularity" by the Snohomish County courts. However, Eighth Circuit in Hayes held a jail administrator liable for due process violations because he failed to act when the plaintiff filed a grievance complaining about his failure to have a preliminary appearance. See Hayes, 388 F.3d at 674-75. Plaintiff has made similar allegations against Mr. Thompson in this

ORDER - 7

1  case.  See Amended Complaint at 9 (alleging that Mr. Thompson was "given notice and opportunity to

2  correct this error and he chose not to do so.").

3      Finally, Defendants suggest that Plaintiff's constitutional rights were not violated because

4  Everett District Court Commissioner Paul Moon made a determination within 48 hours of Plaintiff's

5  arrest that there was probable cause to detain Plaintiff on robbery and kidnapping charges.  As

6  Defendants note, the Supreme Court has held that when a person is arrested without a warrant, the

7  Fourth Amendment requires a judicial officer to make a probable cause determination within 48 hours.

8  County of Riverside v. McLaughlin, 500 U.S. 44 (1991).  The judicial officer may make this probable

9  cause determination without a personal appearance by the arrestee.  See Jones v. City of Santa

10  Monica, 382 F.3d 1052, 1055-56 (9th Cir. 2004).

11      There are two problems with Defendants' argument.  First, it is not clear from the record that

12  Commissioner Moon made a probable cause determination on January 9, 2005.  The order signed by

13  Commissioner Moon on January 9th does not clearly state that he found probable cause for the

14  robbery and kidnapping charges.  At most, the order includes a handwritten notation in the upper

15  right-hand corner that states "PC both."

16      Second, even if Commissioner Moon made a probable cause determination in the January 9th

17  order, it remains undisputed that Plaintiff did not appear before a judge for a preliminary appearance

18  for 17 days following his arrest.  The Supreme Court's Riverside decision does not indicate that an

19  arrestee may be detained without a first appearance before a judge for an extended period of time

20  simply because there has been a valid finding of probable cause for the arrest.  Indeed, the Seventh

21  Circuit in Coleman noted that "[a]n extended detention before a first appearance, whether or not there

22  has been a valid determination of probable cause, substantially impinges upon and threatens" a number

23  of constitutional rights.  Coleman, 754 F.2d at 724 (emphasis added).

24      As a result, the Court is not persuaded on the record before it that summary judgment should

25  be granted in favor of Steve Thompson.  Before issuing a ruling on this matter, the Court finds that

ORDER - 8

supplemental briefing is necessary to clarify and address several issues.  In particular, the Court

requests supplemental briefing on the following issues:

      *     Due Process Issues:  As discussed above, the Seventh and Eighth Circuits have held

that an arrestee's rights under the due process clause may be violated by an extended detention

without a preliminary appearance before a judicial officer.  The Court requests supplemental briefing

on the potential applicability of these decisions to the facts in this case.  The parties should also

address whether the Ninth Circuit has considered whether the due process clause prohibits the

extended detention of an arrestee without providing a first or preliminary appearance before a judicial

officer.

      *     Plaintiff's Grievances to Mr. Thompson:  In his amended complaint, Plaintiff asserts

that Mr. Thompson was given notice and opportunity to correct the failure of Plaintiff to receive a

preliminary appearance, but "chose not to do so." (Amended Complaint at 9).  The papers that

Plaintiff filed with his amended complaint include a grievance that he submitted to Mr. Thompson

regarding this issue on February 3, 2005.  Plaintiff stated in this grievance indicates that it was "my

second letter to you" and that "the first got sent back with the signature Taylor 6266."  The Court

requests supplemental briefing that addresses: (1) whether Plaintiff submitted a prior grievance

regarding this matter to Mr. Thompson; and (2) when such a prior grievance may have been

submitted.

      *     Qualified Immunity:  In their summary judgment motion, Defendants made a cursory

argument that all Defendants should be entitled to qualified immunity for their actions.  (Defs.' Motion

for Summary Judgment at 21).  The Court requests supplemental briefing from Defendant Thompson

that specifically addresses why he should be entitled to qualified immunity.

      *     Probable Cause Determination:  The Court requests supplemental briefing from

Defendant Thompson to explain his assertion that Commissioner Moon made a probable cause

determination in his order dated January 9, 2005 regarding the robbery and kidnapping charges against

ORDER - 9

1  Plaintiff.  As noted earlier, the only apparent basis for this assertion is the fact that the order includes a

2  notation that states "PC both."

3          *       <u>Outstanding Warrants and Parole Revocation</u>:   Plaintiff was booked into Snohomish

4  County jail on January 7, 2005 on three outstanding warrants, including a warrant from the

5  Washington DOC for parole violations.  Plaintiff received a parole revocation hearing before a DOC

6  hearings officer on January 18, 2005, where he was found guilty of parole violations and sanctioned to

7  120 days of confinement starting on January 7, 2005.  In their supplemental briefing, the parties should

8  address whether these facts would impact Plaintiff's claim that his constitutional rights were violated

9  when he was detained without a preliminary appearance before a judge between January 7 through

10  January 24, 2005.

11          Defendant Thompson is directed to file a supplemental brief limited to <u>12 pages</u> regarding

12  these issues by <u>June 27, 2007</u>.  Plaintiff may file a brief in response to Defendant's supplemental brief.

13  Plaintiff's response brief shall be filed and served by <u>July 13, 2007</u> and shall also be limited to <u>12

14  pages</u>.  No reply brief shall be filed by Defendant unless directed by the Court.  This matter will be

15  renoted on the Court's motion calendar for <u>July 13, 2007</u>.

16          2.      <u>Claim Against Randall Garka</u>

17          Plaintiff has also brought an excessive force claim against corrections officer Randall Garka.

18  Plaintiff claims that he was slapped "very hard" on the face by Officer Garka on June 21, 2005, and

19  that the slap left bruising.  To support this claim, Plaintiff has offered an affidavit from another

20  prisoner named Travis Jamieson who claims to have witnessed the incident.  Mr. Jamieson states that

21  Officer Garka "smacked his hand upside [Plaintiff's] head and grab[b]ed him by his shirt and threw

22  him in his cell."

23          Officer Garka was responsible for taking Plaintiff back to his cell on June 21st following

24  Plaintiff's daily recreation hour.  It is undisputed that Plaintiff complained that he did not get a full

25  hour of recreation time.  Officer Garka indicates that as he was leading Plaintiff back to his cell,

ORDER - 10

1   Plaintiff walked very slowly, stopped to talk to other inmates, and took approximately two minutes to

2   walk 15 yards.  Officer Garka also states that after Plaintiff reached his cell, Plaintiff stood in the

3   doorway for about 15 to 20 seconds.  Officer Garka denies slapping Plaintiff, but acknowledges that

4   he pushed Plaintiff's shoulder "in an effort to guide him" into his cell "after he refused to enter."

5   Officer Garka also indicates that Plaintiff was "being confrontational and was refusing to take direction

6   as I was leading him back to lock-down."

7           In analyzing this claim, Judge Theiler relied on the Supreme Court's decision in Hudson v.

8   McMillian, 503 U.S. 1 (1992).  In Hudson, the Court indicated that the "core judicial inquiry" in

9   Eighth Amendment excessive force cases involving prisoners is "whether force was applied in a good-

10  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[2]  Id. at 6.

11  The Hudson Court also noted that not "every malevolent touch by a prison guard gives rise to a

12  federal cause of action."  Id. at 9.  The Court indicated that "de minimis uses of physical force" do not

13  give rise to constitutional claims, "provided that the use of force is not of a sort 'repugnant to the

14  conscience of mankind.'"  Id. at 9-10.

15          Applying Hudson, Judge Theiler found as follows:

16          Here, there is no evidence that Officer Garka's use of force against plaintiff was motivated by
            anything other than a desire to get plaintiff to return to his cell, i.e., "to maintain or restore
17          discipline."  While plaintiff asserted in a grievance to Jail officials that Officer Garka's actions
            were racially-motivated, plaintiff provides no evidence here to support this assertion. . . .
18          Rather, it is undisputed that plaintiff was frustrated at having to return to his cell after what he
            perceived to be a shortened period for recreation, and that he registered this frustration with
19          Officer Garka by complaining and walking slowly.  While these actions certainly would not
            justify the alleged act of slapping plaintiff, if the slapping did occur, it appears to have been
20          done in a good faith effort to maintain or restore discipline and not inflicted maliciously and
            sadistically for the purpose of causing harm.  Consequently, plaintiff's allegations do not state,
21          and his evidence fails to establish, a claim for which relief can be granted.

22

23          [2]  In this case, Plaintiff's claims against Officer Garka would arise under the Fourteenth
            Amendment rather than the Eighth Amendment because he was a pretrial detainee at the time of the
24          incident, rather than a convicted prisoner.  However, courts have routinely applied the Hudson test to
            Fourteenth Amendment claims of excessive force brought by pretrial detainees.  See, e.g., Henderson
25          v. City & County of San Francisco, 2006 WL 3507944 at * 3 (N.D. Cal. Dec. 1, 2006)

1   (R&R at 8-9).  The Court agrees that nothing in the record suggests that Officer Garka's alleged use

2   of force was applied maliciously or sadistically to cause harm, rather than to restore or maintain

3   discipline.

4         Under <u>Hudson</u>, the Court may consider several factors in determining whether a corrections

5   officer's use of force was wanton and unnecessary.  These factors include: (1) the extent of injury

6   suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and

7   the amount of force used; (4) the threat "reasonably perceived by the responsible officials"; and (5)

8   "any efforts made to temper the severity of a forceful response."  <u>Hudson</u>, 503 U.S. at 7.  Here, the

9   balance of factors do not suggest that the alleged use of force was wanton or unnecessary.  Aside from

10   bruising, Plaintiff does not allege that he suffered any injuries.  Second, it appears that it was necessary

11   to use some degree of force to compel Plaintiff to return to his cell in a timely manner, given Plaintiff's

12   foot-dragging.  Third, the amount of force used was not severe.  Fourth, Officer Garka testified that

13   Plaintiff was being confrontational and was refusing to take direction and that he needed to return

14   Plaintiff to his cell in order to allow the next inmate to begin his recreation hour.  Finally, it appears

15   that Officer Garka tempered the severity of a forceful response.  After Plaintiff was returned to his

16   cell, another officer mistakenly unlocked Plaintiff's door and Plaintiff rushed toward Officer Garka and

17   started to yell at him.  Officer Garka testified that he stood his ground and ordered Plaintiff to return

18   to his cell, without using any force.  Under these circumstances, the Court does not find a triable issue

19   of fact on whether Officer Garka's alleged use of force was excessive under the circumstances.

20         It should also be noted that a number of courts have held that the type of force allegedly used

21   by Officer Garka (i.e., a slap to the face) constitutes a "de minimis" use of force under <u>Hudson</u> and

22   does not give rise to a constitutional violation.  <u>See, e.g.</u>, <u>Riley v. Dorton</u>, 115 F.3d 1159, 1168 n.4

23   (4th Cir. 1997) ("angry slap" of pretrial detainee by police officer "falls squarely within the de minimis

24   category"); <u>Robertson v. Bryant</u>, 2007 WL 142853 at * 4 (N.D. Ga. Jan. 16, 2007) (slap on the face is

25   a de minimis use of force); <u>Dendreth v. Orleans Parish Criminal Sheriff's Office</u>, 2002 WL 1022467 at

1  * 5 (E.D. La. May 20, 2002) ("A de minimis use of force, such as a slap or a shove, does not implicate

2  constitutional concerns"); Santiago v. C.O. Campisi Shield # 4592, 91 F. Supp.2d 665, 674

3  (S.D.N.Y. 2000) (finding that an "open-handed slap" was a de minimis use of force); Johnson v.

4  Renda, 1997 WL 576035 at * 1 (S.D.N.Y. Sept. 15, 1997) (a "single spontaneous slap on the face"

5  which caused facial swelling and bruising was not sufficiently serious to establish constitutional

6  violation); Brown v. Croce, 967 F. Supp. 101, 104 (S.D.N.Y. 1997) (prisoner's "claim that he was

7  slapped twice amounts to nothing more than the de minimis use of force by a prison official").

8       Therefore, the Court agrees with Judge Theiler that summary judgment should be granted in

9  favor of Officer Garka.

10          3.      Claims Against Officers McQueen and Hanson

11       Plaintiff also alleges that corrections officers Susan McQueen and Paul Hanson were

12  deliberately indifferent to: (1) Plaintiff's need for medical attention after the alleged slapping incident;

13  and (2) the need to protect Plaintiff from further assault by Officer Garka.  The R&R addresses these

14  claims as follows:

15       [D]efendants submit evidence in support of their motion for summary judgment that establishes
         that neither Officer Hans[o]n nor Officer McQueen were present at the Jail on the night of the
16       incident, and therefore, they could not have been deliberately indifferent to plaintiff's need for
         medical care or protection.  In addition, plaintiff has not shown that he requested medical care
17       that evening, or that he suffered any injury from the confrontation with Officer Garka.  Nor has
         he shown that he suffered any further assault related to the incident.  Accordingly, plaintiff has
18       not satisfied his burden of showing that a genuine issue of material facts exists and defendants'
         motion for summary judgment should be granted as to this final claim.
19
20  (R&R at 9).  The Court agrees with the R&R's analysis of this claim and finds that summary judgment

21  should be granted in favor of Officers McQueen and Hanson.

22  C.      Counting Dismissal of This Action as a "Strike" Against Plaintiff

23       Finally, the R&R recommends that dismissal of this action should be counted as a "strike"

24  against Plaintiff under 28 U.S.C. § 1915(g).  The Court declines to adopt this recommendation

25  because summary judgment in favor of all Defendants is not appropriate on the record before the

ORDER - 13

1   Court.  Even if summary judgment were appropriate, it should be noted that some courts have

2   indicated that a dismissal of a prisoner's lawsuit generally should not be counted as a "strike" under

3   Section 1915(g) when a case is dismissed on summary judgment.  See, e.g., Ramsey v. Goord, 2007

4   WL 1199573 at * 2 (W.D.N.Y. Apr. 19, 2007) ("a dismissal on summary judgment is generally not

5   considered within the parameters of the three-strikes rule's requirement that the actions be dismissed

6   as frivolous, malicious, or for failure to state a claim" and collecting cases).

7                                    **III.  Conclusion**

8           Consistent with the discussion above, the Court adopts in part the report and recommendation

9   and requests supplemental briefing on Plaintiff's claim against Defendant Steve Thompson.  The

10  Court:  (1) adopts the R&R to the extent it recommends that summary judgment should be granted in

11  favor of Defendants Randall Garka, Susan McQueen (aka Officer "Mosio"), and Paul Hanson (aka

12  Officer "Hauser"); (2) declines to adopt the R&R to the extent that it recommends that summary

13  judgment should be granted in favor of Defendant Steve Thompson and that dismissal of this action

14  should be counted as a "strike" against Plaintiff under 28 U.S.C. § 1915(g); and (3) reserves ruling on

15  Defendants' motion for summary judgment with respect to Plaintiff's claim against Mr. Thompson,

16  pending the submission of supplemental briefing.

17          Defendant Thompson is directed to file a supplemental brief by June 27, 2007 of no more than

18  12 pages that addresses the issues raised in Section II.B.1 of this order.  Plaintiff may file a brief in

19  response to Defendant's supplemental brief.  Plaintiff's supplemental brief shall be filed and served by

20  July 13, 2007 and shall be limited to 12 pages.  No reply brief shall be filed by Defendant unless

21  directed by the Court.  This matter will be renoted on the Court's motion calendar for July 13, 2007.

22  //

23  //

24  //

25  //

ORDER - 14

1      The Clerk is directed to send copies of this order to Plaintiff, to all counsel of record, and to

2   the Honorable Mary Alice Theiler.

3      Dated:   June 13, 2007.

4

5                                                    s/Marsha J. Pechman
                                                     Marsha J. Pechman
6                                                    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 15